31
CINCINNATI TRAC. CO. v. MASTERS
Ohio Appeals, 1st Dist., Hamilton County
No. 2198. Decided Nov. 26, 1923.
1115. STREET RAILWAYS—Verdict for driver of team of horses, colliding with one street car approaching from opposite direction, without sufficient warning in fog, held not manifestly against evidence.
225. CHARGE TO JURY—Refusal to give special requests on matters given in general and other special charges held not erroneous.
MISCONDUCT OF JURY—1. New trial will not be granted for unless Jurymen influenced by corrupt motives.
2. Failure of counsel to object to juryman when he learns of disqualifying facts, held fatal to later objection.
For OS. pending case see 2 Abs 447. Motion to certify was overruled, 2 Abs. 755.
HAMILTON, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Masters brought an action against the Cincinnati Trac. Co. for personal injuries growing out of a collision between one of defendant's street cars and a wagon and team belonging to and driven by Masters along a certain street in Cincinnati. As Masters was driving eastward along the street an east-bound street car approached him from behind ringing its gong. It was very foggy at the time and impossible to see very far ahead. As he was not able to turn out to the right Masters turned over to the left, i. e., into the west-bound street car track, when he was struck by a west-bound street car. There was evidence that this car did not ring the gong and that it was being operated at an unreasonable rate of speed.

At the beginning of the trial defendant attempted to file an amended answer setting up a city ordinance but the trial court refused to admit it. As the trial resulted in a verdict for plaintiff, defendant prosecuted error claiming that the verdict was manifestly against the weight of evidence, error in the court's charge, and misconduct of one of the jurymen in that he failed to respond to a general inquiry to the jury as to whether any of them had been in any accident, when as a matter of

fact he had been in an automobile accident some time previous. In sustaining the judgment of the lower court, the Court of Appeals held:

1. That the verdict was not manifestly against the weight of the evidence.

2. That no error was committed in the Court's refusal to give certain special requests as the matters contained therein were given either in other requests or in the general charge.

3. That there was no showing that the juryman's failure to respond to the inquiry on the voir dire was influenced by corrupt motives or that the defendant did not receive at his hands a fair and impartial trial.

4. As counsel for the defendant learned of the act of the juryman during the trial and entered no objection to him, the defendant cannot now be heard to complain.

Attorneys—Leo. J. Brumleve, Jr., for Traction Company; D. M. Johnson, T. M. Gregory and E. M. Powers, for Masters; all of Cincinnati.